UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ROY L. MITCHELL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:10CV161 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion for relief from his criminal judgment, pursuant to Fed.R.Civ.P. 60(b).[1] Because movant seeks relief from his criminal conviction based on ineffective assistance of trial counsel, this motion is properly construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Having reviewed the motion, the Court will order the movant to show cause as to why the Court should not dismiss the instant motion as time-barred.

On August 24, 2007, after movant pled guilty to distribution of a mixture or substance containing cocaine base, the Court sentenced movant to 188 months imprisonment and six years supervised release. Movant did not file an appeal of his final

---

[1] A motion brought pursuant to Rule 60(b) (1), (2) or (3) must be filed within one year of the judgment, at the latest. Movant was sentenced on August 24, 2007, and he did not file his motion for relief from judgment until June 16, 2010. Therefore, if movant's motion was considered to be a Rule 60(b) motion, it would have to be denied as untimely, less any argument that the savings clause should apply.

judgment.[2]

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A district court may consider, on its own initiative, whether a habeas action is

---

[2]On July 16, 2010, movant filed an appeal of the Court's June 23, 2010 denial of his motion for certificate of appealability.

2

barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final on or about September 10, 2007. Fed. R. App. P. 4(b)(1); Fed. R. App. P. 26(a). As a result, the one-year period of limitations under § 2255 expired almost two years ago.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion to vacate, set aside or correct sentence as time-barred. Movant's failure to timely respond to this Order will result in the denial of the instant motion and the dismissal of this action.

Dated this 5th day of November, 2010.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE